## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

ANDRES GOMEZ,

      Plaintiff,

v.

GENERAL GROWTH SERVICES, INC.
and BROOKFIELD PROPERTY REIT INC.,

      Defendants.

_____/

### CLASS ACTION COMPLAINT

Comes now Andres Gomez ("Plaintiff"), on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      Plaintiff Andres Gomez brings this action individually and on behalf of all others similarly situated against GENERAL GROWTH SERVICES, INC. and BROOKFIELD PROPERTY REIT INC. ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* (hereinafter, "ADA.

2.      Plaintiff is a blind individual. He brings this civil rights class action against Defendants for offering and maintaining an internet website that is not fully accessible and independently usable by visually impaired individuals.

3.      Plaintiff Gomez has visited Defendants' website (www.ggp.com) in conjunction with an intent and/or actual visit to Defendants' brick and mortar commercial retail business locations with the intent of obtaining information and other services in connection with leasing a retail space for his business at one of Defendants' brick and mortar commercial retail business

1

locations.

4.      Defendants offer its website, which is fully integrated with its brick and mortar commercial retail business locations, to the general public and as such, they have subjected themselves to the ADA. Defendants' website is offered as a tool to locate the physical commercial retail business locations, view available leasing opportunities, investment information and obtain other information. As a result, the website must be integrated and interact with the stores located within Defendants' brick and mortar commercial retail business locations, including locating available leasing locations, leasing offices, investment information and other information and in doing so must comply with the ADA, which means they must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of services afforded to the general public.

5.      Blind and visually impaired consumers use screen reading software or other assistive technologies in order to access website content. Defendants' website, however, contains digital barriers, limiting the ability of blind and visually impaired consumers to access its content.

6.      Defendants' website does not properly interact with screen reader software in a manner that will allow the blind and visually impaired to enjoy the website, nor does the site provide other means to accommodate the blind and visually impaired.

7.      Plaintiff Gomez has visited Defendants' website in the past, and intends to visit the website in the future in connection with his desire to locate and lease a space for an office for his company, Open Access for All, Inc., which is primarily focused on providing assistance to visually impaired individuals. However, unless Defendants are required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendants' website, Plaintiff will continue to be denied full and equal access to the website as

described, and will be deterred from fully using Defendants' website in conjunction with Defendants' brick and mortar, physical shopping center locations.

8.     The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. The ADA provides, in part:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the ... modification of a policy ...

42 U.S.C. § 12188(a)(2).

9.     Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendants' website violates federal law as described and an injunction requiring Defendants to modify their website, to include third-party vendors, so that it is fully accessible to, and independently usable by, blind or visually impaired individuals. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendants come into compliance with the requirements of the ADA and to ensure that Defendants have adopted and is following an institutional policy that will, in fact, cause Defendants' website to remain in compliance with the law.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

13.     Plaintiff's claims arose in this judicial district and Defendants do substantial business in this judicial district.

14.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims

3

occurred.

## PARTIES

15.      Plaintiff, ANDRES GOMEZ, is and, at all times relevant hereto was, a resident of the State of Florida. Plaintiff ANDRES GOMEZ is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA.

16.      Defendant, GENERAL GROWTH SERVICES, INC., is a Delware corporation, qualified to do business in Florida.   Defendant, GENERAL GROWTH SERVICES, INC., owns, operates, and maintains a website to promote leasing and other investment opportunities in connection with its many commercial retail business locations and to locate physical (brick and mortar) commercial retail business locations, www.ggp.com. The physical commercial retail business locations, leasing offices and accompanying website offer services, to include South Florida, to the public. The physical commercial retail business locations and website are integrated and work collectively, and in conjunction and support of the leasing and investment opportunities and are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

17.      Defendant, BROOKFIELD PROPERTY REIT INC., is a Delaware corporation.   Defendant, BROOKFIELD PROPERTY REIT, INC., owns, operates, and maintains a website to promote leasing and other investment opportunities in connection with its many commercial retail business locations and to locate physical (brick and mortar) commercial retail business locations, www.ggp.com. The physical commercial retail business locations, leasing offices and accompanying website offer services, to include South Florida, to the public. The physical commercial retail business locations and website are integrated and work collectively, and in conjunction and support of the leasing and investment opportunities

and are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

## FACTS

18.      Defendants owns, operates and controls the website, www.ggp.com, which offers services related to Defendants' retail commercial retail business locations, including finding locations, leasing information, investment and property acquisition information and other information and functions.

19.      Defendants' website is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(F). Therefore, under the ADA, Defendants must ensure that individuals with disabilities have access to full and equal enjoyment of the services offered on its website.

20.      Blind and visually impaired individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a visually impaired person may independently use the Internet. Unless the websites are designed to be accessed with screen reader software, visually impaired individuals are unable to fully access websites and the information and service available through the sites, to use in conjunction with the services and products available at the physical locations, such as Plaintiff's intent to lease commercial space and to include physical brick and mortar offices which agents operate out of in conjunction with Defendants' integrated website.

21.      The international website standards organization, W3C, has published Version 2.0 of the Web Content Accessibility Guidelines (WCAG 2.0 AA). WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities and compatible with screen reader software. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

22.     Plaintiff uses screen reader software in order to access a website's content. However, despite several attempts, Defendants' website did not integrate with Plaintiff's software, nor was there any function within the website to permit access for visually impaired individuals through other means. Plaintiff was denied the full use and enjoyment of the facilities and services available on Defendants' website as a result of access barriers of the website and as it relates to their physical stores.

23.     Defendants' website does not meet the WCAG 2.0 AA level of accessibility.

24.     By failing to adequately design and program its website to accurately and sufficiently integrate with screen reader software, Defendants have discriminated against Plaintiff and others with visual impairments on the basis of a disability by denying them full and equal enjoyment of the website, in violation of 42 U.S.C. § 12182(a) and C.F.R. § 36.201.

25.     As a result of Defendants' discrimination, Plaintiff was unable to use Defendants' website and suffered an injury in fact including loss of dignity, mental anguish and other tangible injuries, and is in imminent danger of suffering future injury without injunctive relief.

26.     The barriers at the website have caused a denial of Plaintiff s full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendants' website and related physical, brick and mortar commercial retail business locations.

27.     If Defendants' website was accessible and Defendants maintained their website in an accessible state, Plaintiff could independently research the commercial retail business locations, investment information and other services offered by Defendants and could access the Defendants' physical/brick and mortar offices and commercial retail business locations for in-

person viewing of available space and other information offered on the Defendants' website.

28.     Although Defendants may have centralized policies regarding the maintenance and operation of its website, Defendants have never had a plan or policy that is reasonably calculated to make their website fully accessible to, and independently usable by, people with visual impairments, to include but not limited to inquiring and seeking information about leasing opportunities at Defendants' physical (brick and mortar) commercial retail business locations as well as other opportunities offered on Defendant's website, in conjunction with visits to Defendant's brick and mortar leasing offices and commercial retail business locations. Plaintiff additionally was visiting Defendants' website to set up in-person visits to potential retail space at Defendants' brick and mortar physical shopping center and leasing office locations.

29.     Without injunctive relief, Plaintiff and other visually impaired individuals will continue to be unable to independently use Defendants' website and its physical retail facilities in conjunction with their website in violation of their rights under the ADA.

## CLASS ALLEGATIONS

30.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to access Defendants' website using screen reader software.

31.     Numerous Class: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

32.     Typicality: Plaintiff's claims are typical of the claims of the members of the

class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

33.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their website fully accessible and independently usable as above described.

34.     Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

35.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATIONS

### Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

36.     The allegations contained in the previous paragraphs are incorporated by reference.

37.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment the goods, facilities, privileges, advantages or accommodations of any place of public

8

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

38.     Defendants' physical, brick and mortar commercial retail business locations and accompanying website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(F').

39.     Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(1).

40.     Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii').

41.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); see also 28 C.F.R. § 36.303(a).

42.     Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

43.     The acts alleged herein constitute continuing present violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and has a disability that substantially limits the major life activity of seeing, within the meaning of 42 U.S.C. §§ 12102(1)(A') and (2)(A), has been denied full and equal access to Defendants' website. Plaintiff has not been afforded the services, privileges and advantages that are provided to other patrons and/or business invitees who are not disabled, and/or have been provided services, privileges and advantages that are inferior to those provided to non-disabled persons. These violations are ongoing as Defendants have failed to make any prompt and equitable changes to their website and policies in order to remedy its discriminatory conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.     A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the, described above, and the relevant implementing regulations of the ADA, in that Defendants took no action that was reasonably calculated to ensure that its website are fully accessible to, and independently usable by, blind individuals;

10

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2), 29 U.S.C.A. § 794a, 28 CFR § 36.504 (a) which directs Defendants, and their third-party vendors, to take all steps necessary to bring its website into full compliance with the requirements set forth in the ADA, maintain the website in compliance with the regulations set forth in the ADA, and that statute's implementing regulations, so that its website is fully accessible to, and independently usable by, blind individuals, in conjunction with visits to the Defendants' physical stores and places of public accommodation and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

c.      An Order certifying the class proposed by Plaintiff, and naming Plaintiff as class representatives and appointing his counsel as class counsel;

d.      Payment of attorneys' fees and costs incurred in this lawsuit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 29 U.S.C.A. § 794a, and 28 CFR § 36.505; and,

f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

        Dated: September 4th, 2018.

                                    Respectfully Submitted,

                                    **GARCIA-MENOCAL & PEREZ, P.L.**
                                    *Attorneys for Plaintiff*
                                    4937 S.W. 74th Court
                                    Miami, FL 33155
                                    Telephone: (305) 553-3464
                                    Facsimile: (305) 553-3031
                                    Primary E-Mail: ajperez@lawgmp.com
                                    Secondary E-Mails:ajperezlaw@gmail.com,
                                    and mpomares@lawgmp.com

                                    By: ___/s/ Anthony J. Perez_____
                                          ANTHONY J. PEREZ
                                          Florida Bar No.: 535451

11