UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-CV-23617-KMW

ANDRES GOMEZ,

        Plaintiff,

v.

GENERAL GROWTH SERVICES, INC.,
and BROOKFIELD PROPERTY REIT INC.

        Defendants.
_____/

## CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff ANDRES GOMEZ ("Plaintiff"), and Defendants, GENERAL GROWTH SERVICES, INC., and BROOKFIELD PROPERTY REIT INC. ("Defendants"). Plaintiff and Defendants shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Plaintiff filed this lawsuit in the United States District Court for the Southern District of Florida (the "Action"). Plaintiff alleged that Defendants' websites: www.ggp.com, and www.brookfieldpropertiesretail.com (the "Website"), are not fully accessible to individuals with disabilities, purportedly in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and related state laws.

4. Defendants expressly deny that the Website violates any federal, state or local law, including the ADA, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendants do not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7. Plaintiff alleges that Defendants are private entities that own and/or operate the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendants' Website is a service, privilege, or advantage of the Defendants' physical locations, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendants deny that their Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendants agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendants' position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 19 through 24 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendants to undertake efforts whose cost, difficulty or impact on Defendants' Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendants' Website, or which could result in a fundamental alteration in the manner in which Defendants operate their Website, or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website related operations.

12. The term "including" shall mean "including but not limited to."

13. The term "Defendants" shall include General Growth Services, Inc., and Brookfield Property REIT Inc., as well as their subsidiaries, divisions, successors and assigns.

3

    a. The term "Website" shall refer to the following websites: www.ggp.com, and www.brookfieldpropertiesretail.com.

## TERM

14. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) thirty (30) months from the Effective Date; or (b) the date, if any, that regulations are adopted by the Department of Justice regarding accessibility of websites under Title III of the ADA which regulations or guidance contains different requirements for website accessibility than those imposed under this Consent Decree.

## GENERAL NONDISCRIMINATION REQUIREMENTS

15. Pursuant to the terms of this Consent Decree, Defendants:

    a. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein; and

    b. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. The provisions of paragraphs 15(a) and 15(b) shall also apply to each of the location specific websites operated by Defendants and their subsidiaries.

## WEBSITE ACCESSIBILITY EFFORTS

16. Web Accessibility Conformance Timeline: Defendants shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations

provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and provided such DOJ regulations or guidance contains compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    Within six (6) months from the Effective Date, Defendants shall include an Accessibility Notice on the Website.

    b.    Within Thirty (30) months of the Effective Date, the Defendants shall use all Reasonable Efforts to ensure that the Website, if in existence, substantially conforms to the Web Content Accessibility Guidelines 2.0, using the Level AA Success Criteria ("WCAG 2.0 AA"), or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation, in such a manner so that the Website will be accessible to persons with disabilities as set forth herein. Once the Website is brought up to this standard, Defendants shall also use Reasonable Efforts to maintain the Website according to the standard set forth in this Paragraph both during and subsequent to the Thirty (30) month period set forth in this Paragraph. The provisions of paragraphs 16(a) and 16(b) shall also apply to each of the location specific websites operated by Defendants and their subsidiaries.

    c.    Defendants shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendants, but are otherwise located on the Website or linked to/from the Website, are accessible or otherwise substantially conform to WCAG 2.0 AA or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

## SPECIFIC RELIEF TO PLAINTIFF

17. Specific Relief: The Plaintiff and the Defendants have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") which shall not be part of this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

18. The procedures set forth in Paragraphs 19 through 24 must be exhausted in the event that (i) Plaintiff alleges that Defendants have failed to meet their obligations pursuant to this Consent Decree or (ii) Defendants allege that there is a criteria of WCAG 2.0 AA or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendants in connection with such allegations until the following procedures have been exhausted.

19. If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the specific alleged act of non-compliance; and (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; and (iii) a statement of the specific remedial action sought by the initiating party;. Plaintiff will notify Defendants in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree, and Plaintiff also must provide Defendants with a Website Analysis Report, or comparable document, detailing what the Plaintiff asserts must be corrected or remediated. Defendants will notify Plaintiff in writing if

6

they believe there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 24.

20. Within thirty (30) days of either Party receiving notice as described in Paragraph 19, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

21. If the issue remains unresolved after the meeting referenced in Paragraph 20, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a visual impairment who has average screen reader competency"), can adequately utilize the Website.

22. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendants fail to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than sixty (60) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the

items found not to be usable is longer than sixty (60) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendants shall not be obligated to remedy that item. The party alleging non-compliance shall be responsible for paying the independent accessibility consultant's fees. If the independent accessibility consultant agrees with the position taken by the party asserting noncompliance, the other party shall be obligated to pay the independent accessibility consultant's fees.

23. Any of the time periods set forth in Paragraphs 20 through 22 may be extended by mutual agreement of the Parties.

24. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

| For Plaintiff: | Anthony J. Perez, Esq.<br>GARCIA-MENOCAL & PEREZ, P.L.<br>4937 S.W. 74th Court<br>Miami, FL 33155<br>Telephone: (305) 553-3464<br>Facsimile: (305) 553-3031<br>E-mail: ajperez@lawgmp.com |
|---|---|
| For Defendants: | Mendy Halberstam, Esq.<br>Jackson Lewis P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, FL 33131<br>Phone: 305-577-7600<br>Fax: 305-373-4466<br>mendy.halberstam@jacksonlewis.com |

and

8

>Gina M.L. Payne, Esq.
>Associate General Counsel
>Brookfield Properties
>gina.payne@brookfieldpropertiesretail.com

## MODIFICATION

25. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

26. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

27. This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

28. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

29. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the

ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall follow the dispute resolution provisions herein should they seek to enforce any provision of this Consent Decree.

30. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendants to this Consent Decree.

## **CONSENT DECREE HAS BEEN READ**

31. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

|  |  |
|---|---|
|  | ANDRES GOMEZ |
| Dated: _____ | By: *[signature]* Andres Gomez |
|  | GENERAL GROWTH SERVICES, INC. |
| Dated: _1-11-2019_____ | By: *[signature]* |
|  | Name: Kendra D. Newman |
|  | Title: Its Authorized Signatory |
|  | BROOKFIELD PROPERTY REIT INC. |
| Dated: _____ | By: _____ |
|  | Name: _____ |
|  | Title: _____ |

APPROVED AS TO FORM AND CONTENT:

GARCIA-MENOCAL & PEREZ, P.L.

Dated: _____

By: _____
Anthony J. Perez, Esq
37 S.W. 74th Court
Miami, FL 33155
ajperez@lawgmp.com
*Attorney for Plaintiff*

JACKSON LEWIS, P.C.

Dated: _1/11/2019_____

By: *[signature]*
Mendy Halberstam, Esq.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
mendy.halberstam@jacksonlewis.com
*Attorneys for Defendant*

|  |  |
|---|---|
|  | ANDRES GOMEZ |
| Dated: _____ | By: *[signature]*<br>Andres Gomez |
|  | GENERAL GROWTH SERVICES, INC. |
| Dated: _____ | By: _____ |
|  | Name: _____ |
|  | Title: _____ |
|  | BROOKFIELD PROPERTY REIT INC. |
| Dated: 1/11/19 | By: *[signature]* |
|  | Name: __Michelle Campbell__ |
|  | Secretary |
|  | Title: _____ |

APPROVED AS TO FORM AND CONTENT:

GARCIA-MENOCAL & PEREZ, P.L.

Dated: _____      By: _____
Anthony J. Perez, Esq
37 S.W. 74th Court
Miami, FL 33155
ajperez@lawgmp.com
*Attorney for Plaintiff*

JACKSON LEWIS, P.C.

Dated: _____      By: _____
Mendy Halberstam, Esq.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
mendy.halberstam@jacksonlewis.com
*Attorneys for Defendant*

11

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1) This Court has personal jurisdiction over Plaintiff and Defendants for the purposes of this lawsuit and has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendants of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendants; and

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at Miami this 14th day of January 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record via CM/ECF

4842-1587-9801, v. 1